Third case on the call today is number one two seven six seven eight. Agenda number eight, people of the state of Illinois versus Madison J. Galarza. Counsel for the appellant, you may proceed. Thank you, Your Honor. Good morning, Your Honors and good morning, Counsel. My name is Adam Weaver and I'm with the Office of the State Appellant Defender and I represent the defendant, Madison Galarza, this morning. And may it please the Court. Mr. Galarza appeals his convictions for failure to reduce speed to avoid a collision and driving under the influence of alcohol. I want to make two arguments this morning that are the same arguments that we made in the briefs. First, Mr. Galarza asked this Court to reverse his conviction for failure to reduce speed to avoid a collision because the state did not prove that he was driving carelessly under the circumstances. And second, Mr. Galarza asked this Court to find that he did not present or preserve a state did not prove him guilty beyond a reasonable doubt. Therefore, historically, a bench trial was tantamount to a guilty plea and he should have been admonished under Rule 402. Now turning to our first point, as I said, Mr. Galarza asked this Court to reverse his conviction for failure to reduce speed because the state did not prove that he was driving carelessly under the circumstances. The failure to reduce speed statute requires the state to prove that Mr. Galarza's collision was caused by his failure to exercise a duty of due care, which is to say that he did not act as an ordinarily prudent person would have acted under the circumstances, that his driving, he was acting unreasonably. But we don't know if he acted as a reasonable person would under the circumstances because there's not enough information about the circumstances of the accident in this case. The only evidence that we have in the record is that he was driving while intoxicated when he jerked the steering wheel for some unknown reason and ended up striking a tree. We don't know what the conditions of the road were at the time. Was it foggy? Was it wet outside? Was the pheasant maybe driving too fast? Was he driving erratically? Was there something in the road that he had to avoid quickly? We just don't know. Don't we know that it's wet? Wasn't there evidence that it was wet outside? Not exactly, Your Honor. In the ticket, there was a note in the ticket that it was wet, the conditions were wet, but that was not, the ticket itself is not evidence in the matter. And that was actually a point that was raised in the petition for re-hearing in this case because the appellate court had originally used that as a condition, but then it was subsequently removed. Now we do know that, yes, Mr. Galarza was intoxicated, that is a pretty obvious fact in this case. But being intoxicated without more information doesn't prove that he was driving carelessly under the circumstances. Is there an inference that can be drawn from the fact that he was intoxicated, that he Well, Your Honor, some, not under the statute, some statutes, say like the reckless homicide statute historically allowed the presumption that the defendant was driving. I'm not talking about a presumption, I'm talking about an inference for the trier fact, of course, he or the judge. I understand, Your Honor. So, intoxication can certainly contribute to failure to reduce speed. But in order for the trier fact to infer that intoxication was the reason for why he jerked the wheel, we need a little more information, you know, was, did intoxication cause a slow reaction time, did he, did Mr. Galarza maybe drift I'm not necessarily talking about saying that the intoxication caused him to jerk the wheel. I'm talking about the combination of being intoxicated and jerking the wheel. Is there an inference that can be drawn from that? I mean, after all, we're looking at this in the light most favorable to the people. And so, isn't there an inference that can be drawn there? Yes, Your Honor, but only in context with the rest of the circumstances of the event. We just don't, we simply don't have enough information for why he would have had to jerk the steering wheel. It's not enough that, as the appellate court held, that he jerked the wheel while intoxicated so then he must have been driving carelessly. And the appellate court specifically did not consider any of the other circumstances. The appellate court only held that whether, because he was intoxicated, whether or not he jerked the steering wheel for a good reason or as a joke, he was therefore driving carelessly. And that's not, that's not necessarily, I don't think, what the statute requires when it requires the state to prove that he was driving with the duty of, that he failed to exercise the duty of due care. So, certainly, Your Honor, the trier effect can infer that intoxication may have, may have caused him to jerk the wheel. But without more information about the context and the circumstances of the accident, we just can't say there's not enough information to prove that this accident was maybe avoidable. Let's see, that's a question I have. You've got certain factors that are established, so we have these cascading inferences. Wasn't that enough for the trial judge to make the finding? Like, who's supposed to make the finding in this case? I'm sorry, Your Honor, I missed the last part. I mean, who's supposed to make the finding in this case? Well, the trier effect is supposed to make the finding based on if there's enough evidence to draw these inferences. So the question is, what evidence is out there? Was that enough? No. To draw the inferences? And you say no. No, no, Your Honor. But if you look at some of these things, they're pretty damning inferences, aren't they? Well, to an extent, Your Honor, yes. I mean, I can't ignore that he was driving while intoxicated. That's very obvious from the facts of the case. Right. But that is why he was convicted of driving under the influence. But as you say, the string of inferences, the cascade of inferences, the state still needs to paint the picture that under these circumstances, a reasonable person would not have done it the way that he did. So, for example, if I'm driving home today after court, and a kid darts out into the street, and I have to jerk the wheel, and I end up hitting a parked car or something like that, that's a little less... You can't really say that I was driving unreasonably in that sense. But if I'm driving home, and maybe I'm trying to pay attention to the GPS, or I'm answering all the questions that I've missed during this proceeding, and I don't see the car stopped ahead of me, and then at the last minute I have to jerk the wheel, and I hit a parked car, then it's a little more obvious that I was driving as a reasonable person wouldn't be driving. So the intoxication factor in this sense is an obvious, could be an obvious contributing factor, but we just don't know how it contributed to this accident. If a sober driver couldn't have done anything differently under the circumstances, then it doesn't seem that intoxication has caused this person to jerk the steering wheel. And we have no idea why he jerked the steering wheel. But an intoxication in this case is a factor. Well, yes, Your Honor, it is a factor. But it is not the deciding factor in this case. It's not, as the appellate court would make it seem, that because he was driving under the influence of alcohol, then anything that he did after that caused him to eventually fail to reduce the intoxication. That's the reason I was asking about inferences after. You've got the established facts, and then you can make inferences after that. Yes, Your Honor. But in this case... And that's fair to do for a fact finder. Well, yes, it is, Your Honor. The fact finder can and is required to draw these inferences if there's enough information to have a reasonable inference. And as I'm saying, to prove that the defendant failed to exercise his duty of due care, he failed to drive as a reasonable... failed to act as a reasonable person would have under the circumstances, the state just had to show more than intoxication and he jerked the wheel. Well, wasn't there a little bit more, though? Intoxication, jerking the wheel, no evidence of deceleration, and hitting the tree with pretty substantial force. I mean, those are all the factors we're looking at. Yes, Your Honor, those are also contributing factors. I don't think that from the evidence in this case that we can say that he failed to... there was no evidence that he failed to decrease his speed before he hit the tree. The stipulated facts just didn't reveal, you know, whether or not there were or were not skid marks, for example, in front, you know, before the tree, which would be... if there were no skid marks, there would be... you know, that would obviously be, as you're saying, Your Honor, no real evidence that he tried to slow down before this... That also wasn't in evidence properly? That the appellate court relied on that and that wasn't in evidence properly? Your Honor, I don't believe that there was any... that there was any evidence in the stipulated facts that there were skid marks in the road. No, no, that there were no skid marks. Correct, Your Honor. There was no... it wasn't definitively stated that the officer in this case said, you know, he observed that there was what he called heavy damage to the front end of the car, but he didn't... that was really where the investigation, you know, reporting of the accident ended. Now, if there would have been a real trial, an actual trial, they could have called the police officer to expand on those facts and say, you know, well, officer, did you see anything in the road that would have led you to believe one way or another? Same thing with... they could have called the passenger... the state could have called the passenger in this case and said, why did he jerk the wheel? You know, you were riding along with him. Why did he jerk the wheel? Did he fall asleep? And that, you know, jerk the wheel that way? So, based on the stipulated facts that we have, there's just not... there's not enough to show that the defendant failed to follow his duty of care in this case. There was a lot of damage, right? I mean, he smashed into the tree with some force. Yes, Your Honor. There was evidence... the officer said that there was what he said to be heavy front-end damage. Whatever that means, we have no idea. Certainly, the defendant didn't do anything to follow up with that. But I don't... as we stand here today, I don't know what heavy front-end damage to a car means relative to minor front... what the officer thought minor front-end damage to the car was. And certainly, the state... the state uses that fact to argue that we can infer that he was traveling at a high rate of speed. But even that... that... the high rate of speed, whatever that would actually be, only matters if it contributed to the accident in this case. And, again, we don't know how fast he was going. We don't know how fast he should have been going to say that he was driving too fast. So... You've argued a number of times there's a paucity of evidence. There just wasn't enough evidence in this case that even from what was presented that there are insufficient inferences to be drawn. I think that would be fair to say how you argue this case. This was a stipulated bench trial in which the state and the defendant agreed to certain facts. Can you address that second issue? Yes, Your Honor. Certainly. As to our second issue, Mr. Galarza asked this court to find that he did not present a preserve defense at a stipulated bench trial. In this case, as we've discussed already, the defense counsel did not file any pretrial motions or raise any affirmative defenses. He stipulated to all the evidence in the state's case in chief, which included, as we've been talking about, the defendant's admission to drinking and driving the car, the passenger's statement that the defendant was drinking or the defendant was driving the car at the time when he jerked the wheel and hit the tree, the defendant's cell phone was, the officer described as wedged in the driver's seat, and it was the defendant's car. So in that situation, his stipulated bench trial was more akin to being tantamount to a guilty plea and should have been admonished. But this case gives this court the opportunity to really clarify what it means to present or preserve a defense at a stipulated bench trial. The rule seems easy to follow. Under Horton, stipulated bench trial is considered to be tantamount to a guilty plea if the defendant stipulates to all the evidence and only, and fails to preserve or present a defense. The purpose for considering stipulated bench trials to be tantamount to a guilty plea is to make sure that defendants are admonished that they have a right to a trial where they can call and confront witnesses and by stipulating to the entirety of the evidence they'll be waiving that right to do so, which is an important constitutional right. Therefore, as this court has held, if a defendant does not present or preserve a defense, he must be admonished to understand that he's waiving those rights. But he did introduce new evidence, certainly, but the counsel did make argument here and said that the evidence would show that the defendant was not driving. Right? So there was at least a response to the evidence that was stipulated to and the argument that the inference could be drawn that the defendant was not driving. That's a defense, isn't it? It is a defense, Your Honor. It's an argument in defense based on stipulated facts. However, stipulated bench trials the problem is that stipulated bench trials were created to address legal issues that needed to be preserved rather than just attacking the sufficiency of the evidence. Say, for example, in order to preserve an adverse ruling pretrial that would be forfeited by pleading guilty. The most common we see is when a defendant files some sort of motion to suppress evidence and then also the second common reason is in order to not challenge any of the evidence stipulate the evidence but then just raise an affirmative defense saying that I'm not legally accountable or liable for that offense. But choosing to have a stipulated bench trial in that sense is something a decision that's more than only going in and arguing that the evidence was insufficient. That is more Do you want us to enter a rule then that a defense attorney who presents a sufficiency of the evidence argument is not This court could limit Horton to situations only those situations where at the start of a stipulated bench trial the defense counsel or a defendant on his own preserves an adverse pretrial ruling that would be forfeited by pleading guilty or when the defendant presents a defense along the lines of an affirmative defense a legal defense saying that even if all the evidence was true I acted in self-defense insanity something along those lines He says he's not the one That's true Your Honor What does that mean? What kind of defense is that? I'm not the one That's just a sufficiency of the evidence defense But in this case is a good example of why that why stipulated bench trials are not a good venue for that As we said defendant stipulated to his admission to drinking and driving there was another statement by the putative passenger saying yeah he was driving the car everything pointed to him driving the car except defense counsel found in the stupid evidence that at the time that the EMTs arrived defendant was laying somewhere in the  of the car and the passenger was sitting in the driver's seat and defense counsel obviously glommed onto that to argue which was probably the only argument that he had to make is well clearly you know that's that's some inference that she was the one that was actually driving the car and you shouldn't consider any of their statements otherwise that's a credibility issue that the defense counsel tried to do after trial when defense counsel tried to reopen the proofs so that defendant and EMT could testify about what they observed at the trial so that's complicated first we did consider raising an ineffective assistance of counsel argument but these situations are not limited to only when counsel is ineffective because pro se defendants are just as likely to have a stipulated bench trial on their own that seems unlikely but this is an important decision that's not only limited to ineffective assistance of counsel and the other side of that is your honor if defense counsel did present a defense at the stipulated bench trial then he can waive the defendant's constitutional rights to an effective trial when would it not be when would a defense not be presented or preserved what kind of defense would you call out when you say I'm not a defendant it's it's difficult it's solidly a reasonable doubt sufficiency evidence argument I wasn't driving you failed to prove I was the person in the driver seat well it is your honor this argument is not to say that in certain situations a stipulated bench trial could be an advantage to a defendant obviously in this case he was originally charged with not having insurance and the state failed to prove that so there could be some gaps in the state's evidence that would benefit from a stipulated bench trial however that's not the point your time has expired Carter has your question been answered I apologize for going over time I got busy if I may finish quickly based on the arguments we have made today to reverse his conviction and to also find that his stipulated bench trial was tantamount to a guilty plea because he did not present or preserve a defense that should have been made at a stipulated bench trial thank you good morning your honors counsel may it please the court I'm assistant attorney general Jason Kriegel for the people we would ask that this court affirm defendants convictions because the appellate presented and preserved a defense at trial the parties agree on the law that applies here to show a violation of the statute that people needed to prove the defendant was not driving carefully and failed to reduce speed to avoid a  and although the record is not voluminous here there was more than sufficient evidence to meet the people's burden and by the way the people agree that the only evidence that was part of the stipulation here are the reports of the police officers the EMS and also the vehicle registration but the evidence here showed the first responders arrived at the scene there was defendant's car left the road crashed head on into a tree there were no other vehicles involved there was evidence that the car had been driving at a high rate of speed there was the heavy front end damage as the police report reported the airbags were deployed and defendant appeared to have been driving the passenger Ms. Taylor also told the paramedics that defendant was driving and jerked the wheel which caused the collision as defendant concedes he was intoxicated at the time his BAC was over twice the legal limit there were other indications he couldn't stand properly he had difficulty answering questions there was more than enough evidence to reasonably infer the reason for his death I believe I'm not sure your honor if those facts appeared in the appellate court's final opinion the wet road did not but the skin marks did I I maybe that was the earlier I believe it was may have been the earlier opinion I don't think it was in the final opinion I don't and I don't believe any of those facts are in the reports that were actually part of the stipulation but as I have explained that would have negated the inference of carelessness but of course that's true with all circumstantial evidence there's some piece that's missing and the jury or the fact finder has to draw an conclusion that circumstantial evidence should be treated just like any other kind of evidence in the sufficiency of the evidence analysis if there aren't any other questions about the sufficiency of  evidence analysis I'll turn to the rule 402 question the resolution of this issue is straightforward under this court's cases this court repeatedly held if defendant pleads not guilty and counsel makes a strategic decision to stipulate to the evidence then admonishments are not required as long as defendant presents or preserves a defense and here defendant presented his defense to answer justice Carter's question I guess he would call it an identity defense he argued he was not the driver of the vehicle and under this court's precedence that was not an error let alone a clear and obvious error which defendant needs to show in light of his forfeiture of this issue I can make a couple of quick points about the forfeiture question and then turn to the merits of rule 402 defendant argued in his reply brief that forfeiture and plain error don't apply at all to rule 402 errors that that was raised for the first time on reply and in fact on page 16 of his opening brief defendant expressly asked this court to apply plain error so the argument now that forfeiture doesn't apply at all is affirmatively waived and the court should not consider that at all he needs to show clear and obvious error and that the people versus Whitfield the case that defendant cites for the proposition that a rule 402 error cannot be forfeited is not at all similar to this case the court was quite explicit that it was ruling based on the unique and since there's no no controlling case law that requires the additional exception that defendant is arguing for there's no clear obvious error here now turning to the merits of rule 402 the plain language of the statute of course requires admonishments for defendants who are pleading guilty or who expressly stipulate to the sufficiency of the evidence there's no dispute here that defendant pleaded not guilty and did not stipulate to the sufficiency of the evidence under the precedence we discussed Horton and others of course this court said there's no limited exception where defendant stipulates to all of the people's evidence and does not present or preserve a defense that's not what happened here again defendant raised his identity defense defendant in his opening and reply brief makes two different arguments about what exactly the new exception is that he is advocating I want to just briefly touch on both of those arguments because they're both incorrect the opening brief defendant argued that a non meaningful defense by which he appears to mean a frivolous defense should not count as presenting a defense that fails for overwhelming evidence they still have a right to put the state to the burden there's no reason to require the admonishments when counsel makes a strategic decision to stipulate to the evidence it's in applying the non meaningful defense exception in this case defendant cannot prevail because he had a meaningful defense it may not have been an ultimately successful defense but his counsel had the argument that defendant argues today and in his reply brief is that all insufficiency of the evidence cases should be excluded from this Horton rule but that cannot be right either first of all the argument is forfeited because it was only raised in the reply brief and second it doesn't make sense for the same reasons as the other argument because defendants have a constitutional right to argue that it will be difficult to the defendant won't know the content of these admonishments but of course we expect that counsel advises the defendant and counsel makes a strategic decision I think as was discussed in defendant's argument of course wouldn't preclude an ineffective assistance of counsel claim at some point but there's no showing here that counsel didn't make a clear case record I'd be happy to answer any other questions about either of the issues but we'd ask that this court affirm the appellate court's judgment thank you very much thank you I'd like to focus my time in rebuttal on the second issue on the stipulated bench trial issue but I do want to point out that I did skim the appellate court's decision justice one way or another whether or not the court relied on the fact there were no skid marks as evidence they failed to decrucify I admit I skimmed the opinion I didn't see it I do think it was in the original appellate court order that was modified upon denial of hearing if I could address some of the arguments in the second issue whether or not stipulated bench trial was forfeiture primarily this this issue is non forfeitable the excuse me the trial court's failure to admonish a defendant can't be forfeited rule 402 requires the trial court not the defendant should not have to ensure their own admonishments that's what this court held in Whitfield  different situation there it was based on admonishments for MSR and the court held that the onus should be on the defendant to enforce his own admonishments based on MSR and appellate courts have applied that rule to rule 402 A admonishments at least recently saying the same thing the defendant should not have to enforce or ask the court to admonish him or her under rule 402 that's solidly on the court realistically this is not the type of error that is normally preserved once the defendant objects and tells the court hey you need to admonish him under rule 402 it seems pretty obvious that the trial court is just going to then admonish them under rule 402 and there would never be a preserved error in this matter are we in a different position though this is not where the court did nothing and it was not brought to the counsel if counsel has the ability to waive the defendant's rights by coming up with any defense at the bench trial the defendant would never be able to show prejudice because unless this court considers that defense not to present a preserved defense at the bench trial couldn't there be strategic reasons why counsel would choose this procedure rather than for example bringing in sympathetic witnesses into the court to relieve the emotional impact of those witnesses to have a case on paper are there reasons why counsel would make a reasonable choice to have the state called officer to give more information there could be good strategic reasons to limit the defendant's exposure however that does nothing to inform the defendant that he has the constitutional rights by proceeding in this manner there's just a disconnect between the two where we shouldn't have to rely on defense counsel to tell the defendant or not tell the defendant hey we don't have to stipulate to to this evidence but you're absolutely right there are some cases there's no defense to be made in those situations you could have a stipulated bench trial but the by limiting the rule in Horton to just those situations that stipulated bench trials have been historically left to whether or not there's an adverse pre-trial ruling to trigger a stipulated bench trial would be more of an opportunity for defendants to be more informed I haven't heard any real good reasons or arguments today why the court shouldn't try to have defendants be more informed about the rights that they have number one and the rights that they are waiving by agreeing to a stipulation then it seems like this court should have a rule that favors defendants understanding their rights better in these circumstances I          favors defendants understanding their rights better in these circumstances I don't think this court should have